---------O---------

## No. 3837.

### Court of Appeal, Parish of Orleans.

### LEONARD S. HAGUE vs. C. L. PAVY.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "A."

Rice and Montgomery, for Plaintiff and Appellant.

J. D. Grace, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff states his demand substantially as follows:

That during the early part of the month of April, 1904, he received, near the head of Jena Street, a wooden barge loaded with about 225 cords of fire wood; that the barge was leaking at the time and that in order to save it and the cargo, it was necessary to bring it near the shore or levee; that there existed at the head of Jena Street a pocket or harbor extending sufficiently into the bank of the river to make a suitable place for unloading the cargo, that there was no other place thereabout where it could be unloaded; that the defendant, who, like plaintiff, is engaged in the business of buying and selling fire wood, had placed across the entrance to said pocket or harbor, a steam boat and other obstructions, thereby preventing plaintiff from entering same.

That plaintiff appealed to defendant to temporarily move said steamboat in order that his, plaintiff's barge, might be brought into said pocket and be unloaded upon the river bank.

Plaintiff alleges that defendant refused to move his steamboat or permit plaintiff to move it to allow the barge to enter pocket, defendant then knowing that the barge was leaking and was kept from sinking only by constant pumping; that the barge finally filled with water and sank; that the pumping of the barge, the extra work in handling the barge and cargo, and the injury to the cargo has caused him a loss of Five Hundred and Sixteen Dollars ($516.00) which he claims from defendant.

Questions of fact alone are involved in this case.

A mass of testimony has been taken, but fortunately for the Court the oral evidence is supplemented by sketches, inartistically made, it is true, but calculated greatly to assist in an intelligent consideration of the matter.

Our examination of this record convinces us that the District Judge was satisfied, from the physical condition as shown on the trial that it was impossible for plaintiff to do what he asserts he was only prevented from doing by the act of defendant, that is: pass his boat through the ditch in question and tie up at a point referred to as the pocket near the levee of the river.

The pleadings and the evidence show that plaintiff intended

to use a certain cut referred to here as a ditch to reach the pocket or hole near the bank. The evidence further shows that though the cut in the batture at its mouth or near the river edge was about thirty feet wide, its width diminished to about eighteen feet. It is further shown that plaintiff having told some of the wood from his barge had unloaded same on a wharf extending out some distance on the batture, but that the unloading was done by means of a run or plank-way, there not being enough water on the batture to float the barge in next to the wharf. Therefore, admitting there was sufficient depth of water in the ditch proper which was only eighteen feet wide, how could plaintiff's barge, which was twenty-six feet, have been successfully floated through it?

First. Unless the water covering the batture was of sufficient depth along the line of this canal to permit the floating of plaintiff's barge independently of the depth of the water in the canal, and

Second. That the canal itself was free of obstruction.

Both these contitions are contitions by defendant who endeavors, and in our opinion successfully, to show that plaintiff's barge could not enter the canal by reason of the great width of the barge, and the shoalness of the water in the batture, and that even though that condition did not exist, there would have been further impediments and obstructions to plaintiff's progress in the shape of mud flats grown with willows and a sunken raft, sunk long before, in the channel of the ditch, and so covered with sediment as to make its removal well-nigh, if not, impossible.

Plaintiff does not show to the satisfaction of the Court that defendant's refusal to move from the berth occupied by him was either the direct or indirect cause of the loss which he claims to have suffered. On the contrary, it appears, from our appreciation of the oral testimony and of the sketches found in the record, that had the defendant moved away, the plaintiff's barge would have gone no further than where floated defendant's boat. The river was at quite a high stage, and defendant's boat is shown not to have been in good condition.

What if defendant's boat had left its safe anchorage or harbor to permit plaintiff's barge to enter ditch, and, as would very probably have occurred, the barge had stuck in the mouth of the ditch? Defendant's boat would have been in a sorry plight, exposed as it would have been to the then stormy current of the river, and unable to carry its berth.

Had Pavy, the defendant, consented to move his boat and had suffered damages in consequence, he would perhaps, have appeared in the role of plaintiff, and Hague, would, most naturally, have set up a defense that Pavy had moved out voluntarily, and had done so at his own peril and risk. The evidence shows the plaintiff to have been improvident and careless. He appears to have determined to get his boat on a certain portion of the batture which the evidence shows it was impossible for him to do. The evidence shows further that he could have unloaded his boat and saved his wood by unloading on the wharf where he did unload seventy-five cords. His barge, properly moored, would have been as safe at the point where the seventy-five cords were unloaded as it could possibly be, had it reached the pocket or hole near the levee intended as its destination. Under any circumstances, it occurs to us that the barge, shown to be very old, would perhaps never again have been used as such. This suit as presented to us makes it clear that under the case as made out by plaintiff, he cannot recover.

As repeatedly held, this Court will hesitate to disturb the judgment of the lower Court where issues of fact are involved.

Our learned and painstaking brother of the District Court permitted the litigants every opportunity to present their case, as evidenced by the mass of testimony, a detailed analysis of which would be nearly interminable, and we are satisfied that his conclusion, reached after a full and thorough threshing of the facts, does justice to the parties. We find no reason to disturb the judgment appealed from, and it is hereby affirmed.